832 So.2d 1179 (2002)
Helen June STERLING
v.
Melissa Cain Keeth SHIRLEY.
No. 02-0915.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*1180 LeRoy Smith, Jr., Tallulah, LA, for Plaintiff/Appellant: Helen June Sterling.
Mark Lee Talley, Jena, LA, for Defendant/Appellee: Melissa Cain Keeth Shirley.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD and MARC T. AMY, Judges.
AMY, Judge.
The plaintiff filed a petition seeking visitation with the minor child of the defendant. The defendant filed exceptions of no right of action and no cause of action, asserting that the plaintiff's status as the child's fourth cousin was insufficient to qualify her as a "relative" under La.Civ. Code art. 136. The trial court granted the exceptions, dismissing the petition. For the following reasons, we affirm.

Factual and Procedural Background
The minor child at issue in this visitation matter, Caroline Keeth, was born of the marriage of the defendant, Melissa Cain Keeth Shirley, and George "Bubba" Keeth. The defendant and Mr. Keeth were divorced and shared joint custody of the child. Mr. Keeth subsequently died. The petition instituting this matter was filed on November 20, 2001, by the plaintiff, Helen June Sterling. Ms. Sterling alleges in her petition that she was Mr. Keeth's third cousin and that, beginning in the Fall of 1998, she and Mr. Keeth had a close personal relationship. She contends that, during the periods that Mr. Keeth had physical custody of Caroline, she developed a "close and personal bond" with Caroline, her fourth cousin.
Ms. Sterling asserts in her petition that her contact with Caroline continued following Mr. Keeth's death, but that the defendant eventually terminated any contact between the two. She alleges that it is important that she be granted visitation rights, pursuant to La.Civ.Code art. 136, so that she might facilitate a continued relationship between Caroline and Mr. Keeth's children of a previous marriage. Ms. Sterling alleges that she has a relationship with these children. She also maintains that continued contact is necessary, as she is a trustee of the trust created by Mr. Keeth, of which Caroline is the principal beneficiary. Ms. Sterling asserts that contact is important "to know the *1181 childs [sic] needs; and it is important to foster a knowledge and relationship of Caroline Keeth with the Keeth family."
The defendant filed exceptions of no right of action and no cause of action, pointing out that the plaintiff is the fourth cousin of the minor child and arguing that this relationship was not the degree of relative contemplated by La.Civ.Code art. 136. She also contends that the decision of the United States Supreme Court in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), must be considered when analyzing the plaintiff's petition under Article 136.[1]
The trial court granted the exceptions, dismissing the petition. The trial court explained that it concluded that Article 136 does not come "close to saying a fourth cousin is a relative." The trial court continued, stating "if we allowed people who've had such passing relationships to interfere with a mother's, the sole parent's,..., interfere with that family relationship and to say that they can have visitation or have any kind of say whatsoever in this child's life would be way beyond the pale of what I think the legislature meant." The plaintiff appeals, arguing that the trial court erred in finding that she was not a relative as contemplated by Article 136.

Discussion
As it relates to this case, Article 136 provides:
B. Under extraordinary circumstances, a relative, by blood or affinity, or a former stepparent or stepgrandparent, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child. In determining the best interest of the child, the court shall consider:
(1) The length and quality of the prior relationship between the child and the relative.
(2) Whether the child is in need of guidance, enlightenment, or tutelage which can best be provided by the relative.
(3) The preference of the child if he is determined to be of sufficient maturity to express a preference.
(4) The willingness of the relative to encourage a close relationship between the child and his parent or parents.
(5) The mental and physical health of the child and the relative.
The defendant filed exceptions of no right of action and no cause of action. Both exceptions are listed in La.Code Civ.P. art. 927(A). Even if not specially pleaded, the exceptions of no right of action or no cause of action "may be noticed by either the trial court or appellate court of its own motion." La.Code Civ.P. art. 927(B). In Fink v. Bryant, 01-0987 (La.11/28/01); 801 So.2d 346, the Louisiana Supreme Court explained that an exception of no cause of action questions whether a remedy is available to anyone under the factual allegations contained in the petition. The supreme court further stated:
The peremptory exception of no cause of action is designed to test the legal sufficiency *1182 of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LA.CODE CIV. PROC. ANN. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners, 93-0690 (La.7/5/94), 640 So.2d 237.
Id. at p. 3-4; 348-49. On review, we consider the matter de novo, as the exception presents a question of law. Id.
Although the petition alleges that "extraordinary circumstances" exist, as is required by Article 136, we conclude that the petition is insufficient. Rather, the plaintiff represents that she is the third cousin of the late Mr. Keeth, making her the fourth cousin of Caroline, that she previously enjoyed a relationship with Caroline, and that she is the trustee of a trust created for the child's benefit. She also alleges that she could facilitate a relationship between Melissa and Mr. Keeth's children by a previous marriage. Importantly, the petition also states that the plaintiff had contact with Caroline "until recently when Melissa Cain Keeth Shirley terminated any contact between Helen June Sterling and Caroline Keeth."
Considering the distance to which the plaintiff could be considered a "relative" and the allegation that any contact between the plaintiff and Caroline had been terminated at Caroline's mother's wishes, we conclude that the petition does not allege "extraordinary circumstances" sufficient to bring the action within the purview of Article 136. Accordingly, we find no error in the trial court's determination that the petition does not state a cause of action under La.Civ.Code art. 136 and that the petition should be dismissed.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assigned to the plaintiff, Helen June Sterling.
AFFIRMED.
WOODARD, J., concurs in the result.
NOTES
[1] In Troxel, the Supreme Court found a mother's liberty interests in the care, custody, and control of her children violated by application of a Washington statute broadly permitting any person to petition the court for visitation. In that case, the trial court awarded visitation to paternal grandparents in excess of that found to be appropriate by the children's mother.